## Supreme Court—Special Term—Ulster County.

*January*, 1885.

### PEOPLE *v.* WILLETT.

STENOGRAPHER'S NOTES OF TESTIMONY MAY BE FURNISHED INDIGENT PRISONER.

Where counsel assigned by the court to defend a prisoner deposes that a proper discharge of his duties requires an appeal, the court should provide the proper means for that purpose, and in a proper case will direct, that at the expense of the county, a copy of the stenographer's minutes on the trial shall be made, to which the prisoner's counsel may have access.

MOTION by the defendant, Louis Willett, that he be furnished with a copy of the stenographer's notes of the trial, at the expense of the county.

*Wm. Lounsbery*, for defendant.

*A. T. Clearwater*, district attorney, for the people.

WESTBROOK, J.—The prisoner, who was convicted at a court of Oyer and Terminer, held in and for the county of Ulster on December 4, 1884, of the crime of murder in the first degree, and who has appealed from such conviction to the general term of this court, asks, as he is entirely without means, that a copy of the stenographer's minutes be filed at the expense of the county, so that his counsel may prepare the bill of exceptions to present his case for review.

The ground of the motion is that the prisoner is entirely unable to furnish the money to defray the cost of transcribing the stenographer's notes, and therefore, as the counsel assigned for his defense deposes that a proper discharge of the duties devolved upon him by the court requires a presentation of the case to the appellate tribunal, the court should provide the means necessary to enable him to do that which the court has enjoined.

Upon the arraignment of a prisoner without counsel, the law (*Code of Crim. Pro.* § 308) requires that " he must be asked if he desires the aid of counsel." This embodies, in the form of a statute, what has always been the practice of the courts, and the duty of assigning counsel carries with it the power, and the further duty, to do whatever is necessary and proper to be done to enable the assigned counsel to discharge the trust which the court has devolved upon him. In pursuance thereof it has been the custom of courts to furnish means out of its contingent funds to procure witnesses necessary for the defense of persons accused of crime, and for other purposes connected therewith. No reason is seen why the principle of furnishing to counsel assigned to defend a prisoner the means he requires properly to discharge the work to which he has been assigned is not applicable to the present motion. The proper defense of a prisoner may often require a review of a trial upon which he has been con-

victed, and the prosecution of an appeal from a judgment of con-
viction may frequently be a duty devolving upon counsel as
imperative in its character as the conduct of a trial. In this case
the counsel who conducted the defense, if not voluntarily, but
by the command of the court, and of whose standing and character
such command is evidence, states on oath that in his judgment
the discharge of his duty requires a review of the conviction by
appeal, and that the prisoner is entirely without money or
means to procure a copy of stenographer's notes of the trial. A
denial of this motion would therefore be a denial in fact of his
right to make the proper defense. Such a result is incompati-
ble with an enlightened administration of justice, and of the
policy of recent legislation in regard to capital cases. For-
merly, on conviction of a capital offense, the death penalty,
pending a review of the conviction, could be arrested by the
allowance of a writ of error, in the allowance of which the
justice of the Supreme Court should give "an express direction
therein, that the same is to operate as a stay of proceedings on
the judgment upon which such writ shall be brought" (2
*Edmonds' Stat.* 765).

Section 527 of the Code of Criminal Procedure now pro-
vides, that by the service of the notice of appeal to the Supreme
Court from a judgment of conviction "when the judgment is of
death the appeal stays the execution, of course, until the deter-
mination of the appeal." This provision is a clear indication
of legislative intent. It was designed to give a prisoner con-
victed of murder the absolute right of review, and a stay
pending the appeal.

To make the enactment effectual in this case, this motion
should be granted, for without the obtainment of the relief
asked thereby, the right of appeal and the stay are useless.

The order will be that the clerk of the county procure, at
the expense of the county a copy of the stenographer's notes of
the trial, which shall be filed in his office for the use of both
the counsel of the prisoner and the district attorney in the
preparation and settlement of the bill of exceptions.

It is proper to state in conclusion that Judge PECKHAM, be-
fore whom the conviction was had, concurs with me in the pro-
priety of the order hereby directed.